DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DRAFTKINGS INC., <br><br> Defendant. | ECF CASE <br><br> No.: 1:18-cv-6474 (NGG)(RML) |

## CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined in Paragraph 9, by and between the following parties: Plaintiff Brian Fischler ("Plaintiff Fischler"), and Defendant DraftKings Inc. ("Defendant") (collectively, the "Parties," and each individually, a "Party").  This Consent Decree is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Action (defined below) and any and all issues pertaining to the accessibility and usability of the DraftKings Platform, as defined herein, by blind and visually impaired individuals.

## RECITALS

2.      On November 14, 2018, Plaintiff Fischler filed an action in the United States District Court for the Eastern District of New York (the "Court"), captioned *Brian Fischler, Individually and on behalf of all other persons similarly situated, v. Draftkings Inc.*, Case Number 1:18-cv-6474 (NGG)(RML) (the "Action"), for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, 28 C.F.R. Part 36 ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law Article 15,

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

Exec. Law § 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 *et seq.* ("NYCHRL").

3.    Plaintiff Fischler alleges in the Action that the www.draftkings.com website (the "Website") is a public accommodation as understood under the ADA, NYSHRL and NYCHRL, and that the Website is not fully accessible to blind and visually impaired people, violating the ADA, NYSHRL and NYCHRL.

4.    DraftKings denies Plaintiff Fischler's allegations contained in the Action, including without limitation expressly denying that: (i) its Website is covered by the ADA, NYSHRL, and NYCHRL, or any other federal, state or local laws, regulations, or codes governing the accessibility of the Website by blind and visually impaired individuals; (ii) its Website is a public accommodation; and (iii) it has violated the ADA, NYSHRL, NYCHRL, or any other federal, state or local laws, regulations, or codes governing the accessibility of the Website by blind and visually impaired individuals.

5.    This Consent Decree, subject to the terms and conditions set forth herein and along with the Confidential Settlement Agreement and Releases entered into between Plaintiff Fischler and DraftKings effective on 07/12/2019 (the "Settlement Agreement"), is intended to be a full and complete resolution of the Action and any and all issues pertaining to the accessibility and usability of the DraftKings Platform by blind and visually impaired individuals including, but not limited to, the ADA, NYSHRL, NYCHRL, or any other federal, state or local laws, regulations, or codes governing the accessibility of the DraftKings Platform by blind and visually impaired individuals.

6.    This Consent Decree is entered into by the Plaintiff Fischler, individually.

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

### JURISDICTION

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that, for purposes of the Action and this Consent Decree, venue is appropriate.   The Court retains jurisdiction to enforce this Consent Decree.

### AGREED RESOLUTION

8.      The Parties agree it is in their best interest to resolve the Action on mutually agreeable terms and acknowledge that resolving the Action serves all Parties' interests in avoiding further expense, time, effort, and the uncertainty of litigation.  They, accordingly, agree to the entry of this Consent Decree, which DraftKings shall cause its counsel to file, without trial or further adjudication of any issues of fact or law raised in the Complaint, or that could have been raised in the Complaint.  In consideration of the mutual promises, covenants and undertakings contained in this Consent Decree, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree to the following terms and conditions.

### DEFINED TERMS

9.      "Effective Date" means the date on which this Consent Decree has been approved by a final and non-appealable order of the Court, and it shall remain effective during the entirety of the Term, as defined below.

10.     "DraftKings Core Flow" shall be defined herein as the following features of the DraftKings Daily Fantasy Sports Website and native mobile applications in iOS and Android and the DraftKings sportsbook website (https://sportsbook.draftkings.com) and native mobile applications in iOS and Android: (i) Registration & Login; (ii) First

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

Time User Experience; (iii) Contest Entry; (iv) User Generated Contests; (v) Contest Management and Lineups; (vi) Draft Screen; (vii) "Sweat" (Game Center); (viii) Leagues; (ix) Deposit; (x) My Account (how to play, rules and scoring, FAQ, contact me, withdrawal, tickets, transactions, document center, preferences, self-exclusion, player limits, uploads); (xi) Notifications; (xii) Post Entry; (xiii) Compliance (account verification, restrictions and geo comply); and (xiv) Navigation (headers and footers). For the avoidance of doubt and without limiting the generality of the foregoing, DraftKings Core Flow shall not include: (i) Promotions; (ii) Refer-A-Friend; (iii) Rewards; (iv) Landing Pages; or (v) Mobile Web.

<u>TERM</u>

11.    The Consent Decree shall commence as of the Effective Date and remain in effect for five (5) years after the Effective Date (the "Term").

<u>ADA COMPLIANCE</u>

12.    Under this Consent Decree, Defendant shall make modifications to the DraftKings Core Flow as follows:

a.    <u>DraftKings Core Flow Modifications</u>.  Within 18 months of the Effective Date (the "Modification Period"), DraftKings shall modify the DraftKings Core Flow, as defined herein, to achieve substantial conformance with Web Content Accessibility Guidelines 2.0 Levels A and AA in effect on the Effective Date, a copy of which is attached hereto as Exhibit A (collectively referred to as "WCAG 2.0") ("Substantial WCAG Conformance").  A certificate of compliance for the DraftKings Core Flow issued by Deque Systems Inc. ("Deque"), or another independent third-party vendor reasonably acceptable to Plaintiff Fischler's counsel, shall constitute non-

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

rebuttable proof of Substantial WCAG Conformance.

        b.    <u>Subsequent Legislation or Remediation</u>. Following the Effective Date: (i) if legislation is passed modifying the ADA, NYSHRL, or NYCHRL, or if the United States Department of Justice (the "DOJ") promulgates final ADA Title III regulations in each case above regarding accessibility of the DraftKings Platform by blind and visually impaired individuals, this Agreement shall automatically, without further action by the Parties, be modified such that DraftKings shall be required to achieve DraftKings Core Flow compliance with only the minimum requirements in that legislation or regulation with respect to accessibility of DraftKings Core Flow by blind and visually impaired individuals, and that such compliance shall be considered Substantial WCAG Conformance; and (ii) if the legislation or regulations promulgated impose additional requirements that are more burdensome than Substantial WCAG Conformance, Plaintiff Fischler shall have no greater rights and will be bound by the terms hereof and the releases set forth herein.

        c.    <u>Exclusions</u>. Notwithstanding anything to the contrary set forth herein, DraftKings Core Flow modifications to achieve Substantial WCAG Conformance shall not include: (i) user-generated content or other content or advertisements or websites not owned or operated by DraftKings but that are linked from the DraftKings Platform; (ii) the provision of narrative description for videos; (iii) non-DraftKings Core Flow aspects of the DraftKings Platform including, but not limited to, the last sentence in Section 10; or (iv) any other accommodation that would impose an undue hardship on the operation of the DraftKings Platform, as defined by Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111(10).

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

    d.   <u>Website Accessibility Notice Statement.</u> Within 30 days after the Modification Period, DraftKings shall add a section or link to the Website and DraftKings sportsbook website labeled "Accessibility" which shall contain, at least, a statement setting forth the DraftKings Core Flow compliance with WCAG 2.0 and provide an email address or link through which users of the Website and the DraftKings sportsbook website can provide feedback regarding the accessibility of the Website and the DraftKings sportsbook website. The website accessibility statement may be modified at DraftKings' discretion if it chooses to use a different website accessibility resource or for other appropriate reasons.

DISPUTE PROCEDURES

13.    For a period of time of five (5) years after the Effective Date (the "Enforcement Period"), in the event Plaintiff Fischler has a reasonable basis to believe that DraftKings has failed to achieve Substantial WCAG Conformance after expiration of the Modification Period, or any extension thereof ("Breach"), Plaintiff Fischler shall notify DraftKings in writing explaining the reasonable basis for the alleged Breach. The written notice of non-compliance shall contain the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Agreement that is/are not being complied with in all material respects; (iii) a statement of the remedial action(s) sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances, and legal arguments supporting the position of the initiating party. DraftKings shall have 90 calendar days after receiving written notice from Plaintiff Fischler to cure the alleged Breach and notify Plaintiff Fischler in writing of such cure ("Cure Period"). If the alleged Breach is of a nature that it cannot reasonably

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

be cured during the Cure Period without a meaningful burden on DraftKings to cure during said Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged Breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the Parties will retain a mutually agreeable independent third-party vendor (such as Deque) to assist in curing the alleged Breach or to determine whether (or not) the DraftKings Core Flow is in Substantial WCAG Conformance. The Parties may extend the Enforcement Period by written agreement.

14.    If the procedures in Paragraph 13 have been (in good faith) completely exhausted, then Plaintiff Fischler, in his individual capacity, may seek to enforce Substantial WCAG Conformance ("Enforcement of Substantial WCAG Conformance") only in a Federal Court in New York, which shall be the exclusive forum to enforce this Agreement. For the avoidance of doubt, no claim for Enforcement of Substantial WCAG Conformance shall be filed by Plaintiff or any individual or group of individuals unless the procedures in Paragraph 13 are strictly followed; and, provided that in the event that the alleged breaching party timely cures the alleged Breach, then no claim of Enforcement of Substantial WCAG Conformance shall be filed as a result of the alleged Breach.

15.    If the procedures in Paragraphs 13 and 14 have been (in good faith) completely exhausted, then either Party may seek to enforce the Consent Decree only in a Federal Court in New York, which shall be the exclusive forum to enforce this Consent Decree. For the avoidance of doubt, no claim for Enforcement of Substantial WCAG Conformance shall be filed by Plaintiff or any individual or group of individuals unless

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

the procedures in Paragraphs 13 and 14 are strictly followed; and, provided that in the event the breaching party timely cures the alleged Breach, then no claim of Enforcement of Substantial WCAG Conformance shall be filed as a result of an alleged Breach.

16.    Any of the time periods in Paragraph 13 may be extended by mutual agreement of the Parties.

### ENFORCEMENT AND OTHER PROVISIONS

17.    All letters, notices, requests, demands and other communication required or permitted to be given to the Parties shall be given in writing, by overnight delivery service or facsimile, addressed as follows:

For Plaintiff Fischler:                       For Defendant:

Douglas B. Lipsky                          Damien J. Marshall
LIPSKY LOWE LLP                        BOIES SCHILLER FLEXNER LLP
630 Third Avenue, Fifth Floor         55 Hudson Yards
New York, NY 10017-6705              New York, New York 10001
Fax: 212-444-1030                         Fax: 212-446-2350


                                                    Stanton Dodge
                                                    Chief Legal Officer
                                                    DraftKings
                                                    222 Berkeley Street
                                                    Boston, MA
                                                    021116
                                                    Fax: 617-977-1727


18.    Notice shall be deemed given when received in the case of overnight delivery and upon receipt of confirmation of successful transmission in the case of facsimile.

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

19.    No modification of this Consent Decree shall be effective unless in writing, signed by authorized representatives of all Parties, and approved by a final non-appealable order of the Court.

20.    The laws of the State of New York shall govern the interpretation and enforcement of this Consent Decree without regard to conflicts or choice of law rules or principles.

21.    If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Consent Decree, any such waiver shall not operate as a waiver of any other subsequent breach of this Consent Decree.

22.    This Consent Decree does not constitute an admission by DraftKings of liability, harm or damages, or any unlawful acts or of any violations of United States federal, state, or local law or the national or local law of any other country (statutory or decisional). DraftKings expressly denies liability for any and all claims that Plaintiff Fischler asserted or could have asserted in the Action. By entering into this Consent Decree, DraftKings does not admit, and specifically denies, any liability, wrongdoing, or violation of any law, statute, regulation, or policy, and it is expressly understood and agreed that this Consent Decree is being entered into solely for the purpose of amicably resolving all matters of any kind whatsoever between Plaintiff Fischler on the one hand and DraftKings on the other hand.

23.    Plaintiff Fischler hereby represents that, other than the Action, he has not filed any other action, complaint, charge, grievance, arbitration or the like against DraftKings that is currently pending in any forum, nor does he have current plans to file

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

such other action, complaint, charge, grievance, arbitration or the like against DraftKings, nor has he assigned any claims against DraftKings.

24.     The Parties waive all applicable rules of construction to the extent that any provision of this Consent Decree should or could be construed against its drafter. The Parties further agree that all provisions of this Consent Decree shall be construed as a whole, according to the fair meaning of the language used.

25.     This Consent Decree, together with the Settlement Agreement, contains the entire agreement of the Parties concerning the subject matter described in Paragraph 1, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree or the Settlement Agreement, and concerns the subject matter described in Paragraph 1, shall be enforceable, other than the Consent Decree and the Settlement Agreement.

26.     In the event that any provision or portion of this Consent Decree shall be determined to be invalid or unenforceable for any reason, it is the intent of the Parties that such provisions or portions shall be enforced to the maximum extent permissible under the law, and the remaining provisions or portions of this Consent Decree shall be unaffected thereby and shall remain in full force and effect to the fullest extent permitted by law.

27.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns, and to all persons that are legally blind or visually impaired.

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

28.     The signatories represent that they have the authority to bind the respective Parties, Plaintiff Fischler and Defendant to this Consent Decree.  The Parties have carefully read the Consent Decree, and they understand its contents.  Each Party freely signs and executes this Consent Decree.  The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

BRIAN FISCHLER                          DRAFTKINGS INC.


*Brian Fischler*
—5B9128965DC5482

                                        By: _____

                                        Title: _C L O_____

Dated: ___7/12/2019_____              Dated: _7/12/19_____

APPROVED AS TO FORM AND CONTENT:


Dated: _July 12, 2019_____           LIPSKY LOWE LLP


                                        _____
                                        Douglas B. Lipsky
                                        630 Third Avenue, Fifth Floor
                                        New York, New York 10017
                                        Tel: 212.392.4772
                                        Doug@lipskylowe.com
                                        *Attorneys for Plaintiff*


Dated: _July 15, 2019_____           BOIES SCHILLER FLEXNER LLP


                                        _____
                                        Damien J. Marshall
                                        BOIES SCHILLER FLEXNER LLP
                                        55 Hudson Yards
                                        New York, New York 10001
                                        dmarshall@bsfllp.com
                                        212.909.7617
                                        *Attorney for Defendant*

DocuSign Envelope ID: D11F1712-54CF-41A1-8D5D-3754FBD78B37

<u>COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE</u>

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1.    This Court has personal jurisdiction over Plaintiff Fischler and Defendant for the purposes of this lawsuit under 28 U.S.C. §§ 1331;

2.    The provisions of this Consent Decree shall be binding upon the Parties;

3.    Entry of this Consent Decree is in the public interest;

4.    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

Dated: Brooklyn, New York

July 25, 2019

s/Nicholas G. Garaufis

The Honorable Nicholas G. Garaufis, U.S.D.J.

-13-